**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORENE FOREMAN and EARNEST A. FOREMAN,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>ROBERT FREEDMAN, TAYLOR WILLIAMS, JULIE DONG, REMAX REALTY, 3960 ARIZONA STREET, FIRST LIGHT PROPERTIES, AND DOES 1-25, inclusive,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 11cv1187 MMA (RBB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

On May 31, 2011, Plaintiffs Lorene Foreman and Earnest Foreman filed a complaint against Defendants Robert Freedman, *et al.* [Doc. No. 1.] Plaintiff Lorene Foreman also filed the presently pending motion to proceed *in forma pauperis* ("IFP").[1] [Doc. No. 2]

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d

---

[1] Plaintiff Earnest Foreman did not submit a motion to proceed IFP.

1 114, 116 (9th Cir. 1965). It is incumbent upon the Court to "assure that federal funds are not
2 squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially
3 able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848,
4 850 (D.R.I. 1984). Thus, the Court may deny IFP status to an applicant who can pay the filing fee
5 with acceptable sacrifice to other expenses. *See, e.g., Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D.
6 Pa. 1982) (denying IFP application because plaintiff possessed savings of $450, "more than
7 sufficient to allow the plaintiff to pay the filing fee in this action").

8 After reviewing Plaintiff Lorene Forman's motion, the Court concludes it is not outside of
9 her means to pay the costs of commencing this action. In her affidavit, Plaintiff attests she
10 receives income from social security. She also has $1,500 in savings in her checking account.
11 Plaintiff does not support any dependents, nor does she list any debts. Although her income and
12 savings are not substantial, they demonstrate that she "not unable pay such fees" as required to
13 commence this action. 28 U.S.C. § 1915(a).

14 Based on the foregoing, Plaintiffs have not satisfied the indigency requirements of 28
15 U.S.C. § 1915(a)(1). Accordingly, Plaintiff Lorene Foreman's Motion to Proceed *In Forma*
16 *Pauperis* is **DENIED**. Plaintiffs shall pay the requisite $350 filing fee within fourteen days of the
17 date of this Order. If Plaintiffs do not submit payment, this case shall remain closed without
18 further Order of the Court.

19 **IT IS SO ORDERED.**

20
21 DATED: July 7, 2011
22
23 Hon. Michael M. Anello
United States District Judge
24
25
26
27
28