# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENE FOREMAN, *et al.*,<br><br>         Plaintiffs,<br><br>   vs.<br><br>ROBERT FREEDMAN, *et al.*,<br><br>         Defendants. | CASE NO. 11-CV-1187-MMA(RBB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DECLARE PLAINTIFFS VEXATIOUS LITIGANTS AND TO FURNISH SECURITY**<br><br>[Doc. No. 23] |

On May 31, 2011, Plaintiffs Lorene and Earnest Foreman ("Plaintiffs") brought this action against Defendants 3960 Arizona Street, Julie Dong, First Light Properties, Robert Freedman, and Taylor Williams (collectively "Defendants") for alleged violations of the Fair Housing Act and Americans with Disabilities Act, as well as personal injury and breach of warranty claims. [Doc. No. 1.] Presently before the Court is Defendants' motion to declare Plaintiffs vexatious litigants, and to require Plaintiffs to furnish security before proceeding with this action. [Doc. No. 23.] Plaintiffs, proceeding *pro per*, oppose the motion. [Doc. No. 33.] On August 21, 2012, the Court took the matter under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 34.] For the reasons stated below, the Court **DENIES** Defendants' motion.

/ / /

**I.    VEXATIOUS LITIGANTS**

**A.    Legal Standard for Issuing Pre-filing Orders**

The All Writs Act, 28 U.S.C. § 1651(a), provides District Courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, such orders are an extreme remedy that should rarely be used. *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.* at 1057.

The Ninth Circuit has held that before a plaintiff can be enjoined as a vexatious litigant, a court must find that: (1) the plaintiff had notice of the motion and an opportunity to be heard; (2) there was an adequate record for review showing that the litigant's activities were numerous and abusive; (3) the court has made substantive findings as to the frivolousness or harassing nature of the litigant's actions; and (4) the order has an appropriate breadth and is narrowly tailored to fit the specific vice encountered. *Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1146). A court may also consider: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the other parties. *Id.* at 1058.

**B.    Analysis**

Defendants' motion deals primarily with the allegedly frivolous nature of Plaintiffs' current action. (*See generally* Defs.' Mot.) Although Defendants provide a list of cases that Plaintiffs have filed since 1991, Defendants' motion entirely fails to address the nature of these suits. As Ninth Circuit case law dictates, the Court must identify an adequate record for review showing that Plaintiffs' activities were numerous and abusive. *Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1146). Further, the Court must determine that Plaintiffs' prior actions are "frivolous" and "harassing in nature." *Id.* Because Defendants fail to provide any detail whatsoever as to the nature of Plaintiffs' prior litigations, the Court is unable to make such

findings. As an "injunction cannot issue merely upon a showing of litigiousness," the Court declines to declare Plaintiffs vexatious litigants. *Id.* (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)).

## II. REQUEST TO FURNISH SECURITY

Defendants also request that Plaintiffs be required to post $80,000 as security for their costs in litigating this action. [Defs.' Mot. 8.] "While no federal statute authorizes security for costs, the District Courts may make their own rules not inconsistent with the Federal Rules of Civil Procedure." *Russell v. Cunningham*, 233 F.2d 806, 811 (9th Cir. 1956) (citing Fed. R. Civ. P. 83). The Southern District of California's Civil Local Rule 65.1.2(a) permits the Court at any time, on its own motion or that of a party, to order a party to furnish security for costs which may be awarded against such party in an amount and on such terms as are appropriate. S.D. Cal. Civ. L.R. 65.1.2(a). In establishing the requirements for a costs bond, the Court may look to the law of the forum state. *Simulnet East Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).

In California, requiring a plaintiff who has been declared a vexatious litigation to post a security bond is appropriate to protect defendants from costs and attorney's fees they might incur. California Code of Civil Procedure section 391 requires a party to furnish security on a showing that (1) the party is a vexatious litigant and (2) there is no reasonable probability that she will prevail in the instant litigation. California Code of Civil Procedure section 391(b) defines a vexatious litigant as a person who does any of the following:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Code Civ. P. § 391(b).

Although unclear, it appears that Defendants argue that Plaintiffs should be declared vexatious litigants under subsection (b)(1), as Defendants attached the case numbers of actions Plaintiffs filed between December 19, 1991 and May 31, 2012. [*See* Defs.' Mot. 3, Ex. A.] To declare Plaintiffs vexatious litigants under section 391(b)(1), the Court must be able to discern from the record whether the previous cases were dismissed, whether the Plaintiffs were represented by counsel, whether the cases had adverse outcomes to Plaintiffs, or whether they were unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. Cal. Code Civ. P. § 391(b)(1). Defendants make no showing as to these factors. Rather, Defendants simply state that Plaintiffs, jointly and separately, have filed seventeen actions over a twenty-year period, and attach the related case numbers. [Defs.' Mot. 3, Ex. A.] This is insufficient.

Defendants do not invoke subsections (b)(2) or (b)(4) as possible grounds for finding Plaintiffs vexatious litigants. This leaves subsection (b)(3), which Defendants do raise. [*See* Defs.' Mot. 2-3.] It is unclear from Defendants's motion whether they argue that Plaintiffs have "repeatedly file[d] unmeritorious motions, pleadings, or other papers," or "engage[d] in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Code Civ. P. § 391(b)(3). "While [California courts have not identified] a bright-line rule as to what constitutes 'repeatedly,' most [California] cases affirming the vexatious litigant designation involve situations where litigants have filed dozens of motions either during the pendency of an action or relating to the same judgment." *Morton v. Wagner*, 67 Cal. Rptr. 3d 818, 825 (Cal. Ct. App. 2007). Here, Defendants make no showing that Plaintiffs repeatedly filed motions, pleadings, or other papers in this action. Certainly, the filing of the complaint itself does not qualify as "repeatedly." In

addition, although Defendants discuss at length the allegedly frivolous nature of Plaintiffs' complaint, Defendants do not argue that Plaintiffs engaged in "*tactics* that are frivolous or solely intended to cause unnecessary delay." Cal. Code. Civ. P. § 391(b)(3) (emphasis added). As such, the Court declines to declare Plaintiffs vexatious litigants under section 391(b)(3).

Accordingly, any discussion regarding Plaintiffs' probability of success in this case is irrelevant, as this question is raised only after the Court determines that Plaintiffs are vexatious litigants. *See* Cal. Code. Civ. P. § 391.1 (requiring a motion requiring plaintiff to furnish security "be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.").

In sum, Defendants fail to show that Plaintiffs' conduct rises to the level of "vexatious litigants" as set forth by California Code of Civil Procedure section 391. Therefore, the Court will not require that Plaintiffs post security before proceeding with this action.

### III.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' motion to declare Plaintiffs vexatious litigants and to furnish security.

**IT IS SO ORDERED.**

DATED: October 15, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge